**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **ALEXIS RODRIGUEZ FRANCO,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No.4:18-CV-774-Y |
| | § | |
| **LORIE DAVIS, Director, Texas Department of Criminal Justice, Correctional Institutions Div.,** | § § § | |
| | § | |
| Respondent. | § | |

## OPINION AND ORDER

Before the Court is a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by petitioner Alexis Rodriguez Franco, then detained in the Lindsey State Jail, in Jacksboro, Texas.[1] Respondent Davis filed a motion to dismiss to which Franco did not respond.(Mot. Dismiss (doc. 13).) After considering the pleadings and relief sought by Petitioner and the applicable law, the Court concludes that the § 2241 petition must be **DISMISSED** for lack of jurisdiction.

## I. BACKGROUND/CLAIM FOR RELIEF

Franco is presently in custody pursuant to judgments and sentences of the 358th Judicial District Court, Ector County, Texas, in cause numbers D-45,730 and D-45,559, for aggravated

---

[1]Franco subsequently updated his address of record to the Texas Department of Criminal Justice ("TDCJ") Robertson unit. (Notice Change of Address, (doc.12) at 1.)

assault with a deadly weapon and possession of a controlled substance.(Mot. Dismiss (doc. 13) at 2, Exhibit A.) Franco pleaded guilty and was sentenced to serve two five-year terms of confinement. *Id.*

Franco was also convicted in the United States District Court for the Western District of Texas, Midland division, of possession with intent to distribute a quantity of methamphetamine and aiding and abetting, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2, and sentenced to a term of imprisonment of 57 months. *United States v. Franco*, No. 7:15-CR-0187-RAJ(1) (W.D. Tex. Nov. 24, 2015).[2] Franco did not file a direct appeal and has not sought relief under 28 U.S.C. § 2255 from his federal conviction in the convicting court. *See Id.* (post Judgment docket entries 102-105). Franco did file a motion entitled "Motion Nunc Pro Tunc" in the convicting court asking that court to run his state and federal sentences concurrently. *Id.* at 104. The convicting court denied that motion in an order entered on August 22, 2018:

> Movant claims that his sentences were intended to run concurrently. When the judgment is silent, as it is here, the presumption is that sentences imposed separately should run consecutively. 18 U.S.C. § 3584(a). The Fifth Circuit has confirmed the presumption, "We hold that when the sentencing court makes no mention of a prior state sentence, the federal sentence shall run consecutive to the state sentence." *Jones v. Joslin*, 635 F.3d 673, 674 (5th Cir. 2011). "Both 18 U.S.C. § 3584(a) and our cases recognize a strong presumption that separately imposed sentences are to run consecutively, and they place the

---

[2]The Court takes judicial notice of the docket and records of Franco's underlying federal criminal case. See Fed. R. Evid. 201(b)(2) and (c)(1).

> onus on the district court to specifically order when it wishes to depart from this default rule." *Id*. at 674-75. Thus, because this Court did not order that his federal sentence was to be concurrent with Movant's state sentence, the two sentences must run consecutively. That is the presumption as well as what this Court intended. [FN--At the time of sentencing, the Court was well-aware of Movant's [then] pending state charges as they were contained in his Presentence Investigation Report [docket number 89 at ¶¶ 47-41]].

*Id.* (August 22, 2018 Order (doc. 105).)

In this § 2241 petition, Franco now asserts as a ground for relief:

> Ineffective Assistance of Counsel (under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)]).
>
> During the pre-sentencing phase held on November 19, 2015 in the Western District of Texas (Midland) counsel Wayne Frost prejudiced the petitioner with ineffective assistance by remaining silent on entitled time credit toward both terms of imprisonment to be run concurrently as terms of an agreement in which I accepted to plead guilty being fully aware that the record reflected both State and Federal charges existed occuringly at the same time and demonstrating this objective in prior pre-sentencing reports [sic].

(Pet. (doc. 1) at 5.) Franco also argues that he can seek relief under § 2241 on the basis that a motion under § 2255 is inadequate or ineffective: [I] "did not file [a] motion under § 2255 of Title 28 due to being barred because of the one-year statute of limitation making such motion inadequate and ineffective." (Pet. (doc. 1) at 8.)

## III. ANALYSIS

A motion under § 2255 provides the primary means of

-3-

collaterally attacking a federal conviction or sentence. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001)(per curiam)(citing *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000)(per curiam)). "While § 2241 is more typically used to challenge the execution of a prisoner's sentence, a federal prisoner may bring a petition under § 2241 to challenge the legality of his conviction or sentence if he can satisfy the mandates of the 'savings clause' of § 2255." *Christopher v. Miles*, 342 F.3d 378, 381 (5th Cir. 2003) (citing *Reyes-Requena v. United States*, 243 F.3d 893, 900-01 (5th Cir. 2001)). The so-called "savings clause" provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2555(e)(West 2019). Under this "savings clause," the petitioner has the burden of showing that the § 2255 remedy is "inadequate or ineffective to test the legality of his detention." *Jeffers*, 253 F.3d at 830; *see also Padilla v. United States*, 416 F.3d 424, 426 (5th Cir. 2005)(per curiam).

Franco fails to show that the § 2255 remedy is either inadequate or ineffective to test the legality of his underlying sentence. Franco cannot rely on § 2241 merely because he failed to timely file a § 2255 motion and is now limited in his ability to seek relief under § 2255. *See Pack v. Yusuff*, 218 F.3d 448, 453

(5th Cir. 2000)(citing *Tolliver*, 211 F.3d at 878)(holding that neither a prior, unsuccessful § 2255 motion, the limitations bar, nor successiveness renders the § 2255 remedy inadequate or ineffective)); *see also Higgs v. Wilson*, No.3:18-CV-2537-M(BH), 2018 WL 6174249, at *2 (N.D. Tex. Nov. 2, 2018)(holding that denial of a prior § 2255 motion raising claims of ineffective assistance and sentence challenges because it was barred by the statute of limitations does not render the remedy under § 2255 inadequate or ineffective), *R & R adopted*, 2018 WL 6171706 (N.D. Tex. Nov. 26, 2018)(Lynn, J.).

Moreover, the Fifth Circuit has determined that, before a petitioner may pursue relief through § 2241 under the language of the § 2255 savings clause, he must show that:

> (1) his claim is based on a retroactively applicable Supreme Court decision; (2) the Supreme Court decision establishes that he was "actually innocent" of the charges against him because the decision decriminalized the conduct for which he was convicted; and (3) his claim would have been foreclosed by existing circuit precedent had he raised it at trial, on direct appeal, or in his original § 2255 petition.

*Christopher,* 342 F.3d at 382 (citing *Reyes-Requena,* 243 F.3d at 904 and *Jeffers,* 253 F.3d at 830).

In this case, petitioner Franco has not made these showings, and a review of the grounds asserted in his § 2241 petition shows that he cannot make them. Franco's only argument in this proceeding is a claim that counsel was ineffective for failing to challenge the failure of the federal court to run his federal and state sentences concurrently. (Pet. (doc. 1) at 5.) Courts have

repeatedly held that claims of ineffective assistance of counsel at sentencing fail to satisfy the savings clause. *See Wooderts v. United States*, 338 F. App'x 387, 288 (5th Cir. 2009)(affirming trial court's determination that claim that counsel provided ineffective assistance at sentencing did not invoke the § 2255 savings clause); *see also Ball v. Conner*, No. 03-40383, 2003 WL 22971285, at *1 (5th Cir. Dec. 10, 2003) ("Ball's claim of ineffective assistance of counsel fails to satisfy the requirements of the savings clause. The claim is not based on a retroactively applicable Supreme Court decision which establishes Ball's innocence"); *Funzie v. Warden*, CA No. 1:18-CV-1071-P, 2018 WL 5117455, at * 2 (W.D. La. Sep. 24, 2018), *R & R adopted*, 2018 WL 5117261 (W.D. La. Oct. 18, 2018)("Funzie's challenge to the length of his sentence as calculated at the time of sentencing, and his challenge to the attorney's performance at sentencing, must both be raised under § 2255 in the court of conviction")(citation omitted).[3]

Franco's claim challenges the imposition of his sentence, but he makes no claim that he was actually convicted of a nonexistent offense. As Franco does not contend that he is actually innocent of the charge for which he was convicted based upon a retroactively

---

[3] Franco also claims he can proceed under § 2241 because the convicting court determined that "2241 writ of habeas corpus is the appropriate remedy for challenging the conviction under both State and Federal Jurisdiction for relief." (Pet.(doc. 1) at 8.) But Franco is mistaken. In fact, the convicting court, in the order denying his substantive motion to run his federal and state sentences concurrently, wrote that a petition under § 2241 may be used "if he wishes to further contest the way his sentence was calculated." *See United States v. Franco,* No.7:15-CR-187-RAJ(1), August 22, 2015 Order (doc. 105). Franco is not challenging the *calculation* of his sentence by TDCJ officials, but instead he is raising an ineffective assistance of counsel challenge to the *imposition* of his federal sentence at the time of his federal conviction.

applicable Supreme Court decision, and as he otherwise challenges the imposition of sentence, he is not entitled to relief under § 2241. Accordingly, the petition seeking such relief must be dismissed for want of jurisdiction. *See Christopher*, 342 F.3d at 379, 385 (finding that a district court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).[4]

**IV. CONCLUSION AND ORDER**

For the foregoing reasons, petitioner Alexis Rodriguez Franco's petition for writ of habeas corpus under 28 U.S.C. § 2241 is **DISMISSED** for lack of jurisdiction.

SIGNED June 4, 2019.

_____
TERRY R. MEANS
UNITED STATES DISTRICT JUDGE

---

[4] In the motion to dismiss, Respondent raises arguments responsive to the petition as if Franco challenged his state convictions. Mot. Dismiss (doc. 13) at 2-5. But Franco does not challenge his state-court conviction in this § 2241 petition. Because the Court has otherwise determined that Franco's § 2241 petition must be dismissed for lack of jurisdiction, it does not address the arguments asserted in Respondent's motion to dismiss.